In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered December 13, 2011, as granted that branch of the motion of the defendant Incorporated Village of Bayville which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
*653 On July 4, 2008, the infant plaintiff and her family attended a barbeque at a relative’s house on Ships Lane in the Incorporated Village of Bayville. Afterwards, they walked to the beach adjacent to Ships Lane with family and friends. There were bonfires along the beach, and fireworks commenced around 8:00 p.m. The infant plaintiff, who was sitting on her father’s lap during the fireworks display, was burned when a “ball of fire” struck her thighs.
The plaintiffs subsequently commenced this action against, among others, the Village. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not owe a special duty to the plaintiffs, submitting evidence that the subject portion of the beach was owned by a homeowner’s association and that the bonfires and fireworks were not held, planned, sponsored, or supervised by the Village. The Supreme Court granted the Village’s motion, concluding that the action was barred by the doctrine of governmental immunity. We affirm on different grounds.
The plaintiffs argue that the Village may be held liable for the infant plaintiffs injuries on the theory that it was “negligent by failing to enforce the permit requirements of Penal Law § 405.00.” That statute provides that a municipality “may” grant a permit for the display of fireworks to persons or entities “that submit an application in writing” (Penal Law § 405.00 [2]). A person or entity that obtains a permit pursuant to section 405.00 is exempted from criminal liability for unlawfully dealing with fireworks and dangerous fireworks in violation of Penal Law § 270.00 (see Penal Law § 270.00 [2]). The only “requirements” in section 405.00 that could be “enforced” by a municipality are those regarding the content and timing of an application and the provision of a bond or insurance coverage by the applicant, and those requirements only arise when an application is made. Here, the Village demonstrated that no person or entity applied to the Village for a fireworks display permit for the date of July 4, 2008. Thus, even if the Village owed the plaintiffs a duty to enforce Penal Law § 405.00, the Village established that there was no such failure, and, in opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs’ remaining contentions are without merit or need not be reached in light of our determination that the Village did not fail to enforce Penal Law § 405.00.
Accordingly, the Supreme Court properly granted that branch of the Village’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P, Chambers, Hall and Lott, JJ., concur.